UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA

                - v. –                            10-Cr.-755-01 (WHP)

DUDLEY EDWARDS,

                Defendant.
------------------------------------------------------------X

## MOTION FOR A SENTENCE

## BELOW THE GUIDELINE RANGE

                                         AVROM ROBIN, ESQ.
                                         *Attorney for Defendant*
                                         DUDLEY EDWARDS
                                         245 Fifth Avenue, Suite 1900
                                         New York, NY 10016
                                         (212) 683-8000
                                         avrom@mindspring.com

TABLE OF CONTENTS

I.    RELIEF SOUGHT ................................................................................................................1

II.    INTRODUCTION ..............................................................................................................1

III.    PERSONAL HISTORY OF DUDLEY EDWARDS ........................................................1

IV.    SUMMARY AND BACKGROUND ................................................................................2

V.    THE PRESENTENCE REPORT .......................................................................................5

VI.    18 U.S.C. §3553(a) FACTORS .........................................................................................6

VII.    SENTENCE REQUEST ....................................................................................................8

I.      RELIEF SOUGHT

Defendant Dudley Edwards hereby moves, pursuant to 18 U.S.C. § 3553(a), for a sentence below the agreed upon guideline range in his plea agreement.

II.     INTRODUCTION

This sentencing memorandum, which includes a summary and background, minor objections to the first release of the Presentence Investigation Report ("PSR"), sentence argument, and a sentence request, is submitted on behalf of my client, Dudley Edwards, now scheduled for sentence on November 19, 2010.

**My request is that Mr. Edwards be sentenced to a term of 8 months in custody.**

This request is based on the following factors:

1.      that the requested sentence is sufficient but not greater than necessary;

2.      that this is Mr. Edwards' first felony offense; and

3.      that he has been forthcoming about the circumstances of the crime and his motive since his arrest.

III.    PERSONAL BACKGROUND OF DUDLEY EDWARDS

Dudley Edwards is a 26-year-old electrician, plumber, and handyman who was born and raised in Kingston and St. Catherine, Jamaica. He has been living in the United States at least part-time since 1998. He has remained in this country continuously since the summer of 2005 when he arrived on a tourist visa, which has since expired.

Mr. Edwards reports that he had a relatively stable and comfortable childhood in Jamaica, though his family did not have extra money for luxuries. His parents were married until his

father's death approximately three years ago of a heart attack. Mr. Edwards is close to his mother who has always provided for him and who currently cares for his 7-year-old daughter, Rayseanha. Mr. Edwards stays in touch with Rayseanha by letters and, until his arrest, he sent his mother approximately $50 to $100 each week to aid in her upbringing.

In the two years prior to his arrest, Mr. Edwards worked at the H & E Deli at 212 East 122nd Street in Manhattan, earning $350 per week as a maintenance worker.

Mr. Edwards maintains a close relationship with Jheanell Whyte of the Bronx, New York, with whom he has been romantically involved on and off for approximately five years. He has also been married to Shantay Richardson, a Pennsylvania resident, since February 27, 2006, and he has a 10-year-old stepdaughter, Lilkim, who lives with Ms. Richardson. Ms. Whyte has visited Mr. Edwards in custody. She describes him as "loyal to his friends," "hardworking," and a "good father." She also stated that he is "all in all a really good guy," quiet, kind, and "charismatic." (PSR ¶ 61.)

Mr. Edwards is in good health, with no history of mental, emotional, or substance abuse problems. (PSR ¶¶ 65-68.)

IV.     SUMMARY AND BACKGROUND

Arrest and Plea

Dudley Edwards was arrested June 23, 2010, on a complaint. The complaint charged in a single count that on or about October 21, 2009, Mr. Edwards attempted to register for New York State non-driver identification using another person's Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B). Mr. Edwards has been detained since his arrest on that date.

2

Two months later, on August 23, 2010, Mr. Edwards waived indictment and the Government filed an information containing the same charge. Pursuant to a plea agreement dated August 23, 2010 (the "Plea Agreement"), Mr. Edwards withdrew his plea of not guilty and entered a plea of guilty before the Honorable James L. Cott, United States Magistrate Judge. As of the date of his sentencing, November 19, 2010, Mr. Edwards will have spent almost five months in custody.

The Offense Conduct

In his plea allocution, Mr. Edwards admitted that he had used a false Social Security number to get an identification card at the Department of Motor Vehicles ("DMV") office in Harlem. (Plea Tr. before the Hon. James L. Cott, Aug. 23, 2010, 14-15.) Mr. Edwards had paid approximately $3160 to a man named Wilch Dewalt, separately charged, also known as the "License Man," in order to obtain the necessary documents and Social Security number with which to receive a New York State identification card. Dewalt was also working with an "inside man" at the DMV, Robin Jones-Woodson, who is also charged separately.

Mr. Edwards used the information Dewalt provided – the name and other identifying features of a man named Thomas James Hewitt II – to apply for an identification card on October 21, 2009. The PSR reports that "[i]t is suspected . . . that Hewitt willingly sold his identification information. According to the case agent, the investigation revealed that this was generally the method by which the identities used to obtain fraudulent identification were acquired." (PSR ¶ 16.)

While Mr. Edwards recognizes the seriousness of this offense, he states emphatically that he was not motivated by greed or desire to use another person's identity for a criminal

3

undertaking. He explained that whenever he was stopped by police while driving, he was harassed or held for hours if he supplied his Jamaican driver's license, even though New York State officially recognizes foreign drivers' licenses. *See* N.Y. Vehicle & Traffic L. § 250(2). When someone at a party offered him the opportunity to purchase New York State identification, he jumped at the chance, solely to avoid harassment and further difficulties with police. (*See* PSR ¶¶19-20.)

The Plea Agreement

The Plea Agreement calculates the applicable guidelines range as follows:

| | |
|---|---:|
| Pursuant to the U.S.S.G. § 2B1.1(a)(2), a base offense level of 6 | 6 |
| Because the offense involved the unauthorized use of one means of identification to obtain another means of identification, pursuant to U.S.S.G. § 2B1.1(b)(10), the offense level is increased from 6 to 12 | 12 |
| Acceptance of responsibility adjustment pursuant to U.S.S.G. § 3E1.1(a) | -2 |
| **Total adjusted offense level** | **10** |

(Plea Agr. 1-2.)

In addition, the parties stipulated that Mr. Edwards had accrued four criminal history points, placing him in criminal history category III. (*Id.* at 3.) The Plea Agreement outlined six New York State misdemeanor offenses related to the possession or sale of small quantities of marijuana. (*Id.* at 2-3.) Each of these convictions led to a sentence of no jail time or fewer than 60 days' incarceration, and therefore the number of points assessed was capped at four pursuant to guideline § 4A1.1(c). (*Id.*)

At criminal history category III and offense level 10, the stipulated guidelines range is 10 to 16 months in custody. (*Id.* at 3.)

The Plea Agreement provides that "[t]he parties agree that neither a downward nor an upward departure from the Stipulated Guidelines Range . . . is warranted" but "[t]he parties agree that either party may seek a sentence outside of the Stipulated Guidelines Range . . . based upon the factors to be considered in imposing a sentence pursuant to Title 18, United States Code, Section 3553(a)." (*Id.*) Mr. Edwards is exercising his right to seek a sentence below the guidelines range pursuant to this provision and 18 U.S.C. § 3553(a).

V.      THE PRESENTENCE INVESTIGATION REPORT

The United States Probation Office has prepared a Presentence Investigation Report for Mr. Edwards, the first release of which is dated October 18, 2010. The PSR tracks the guidelines calculations in the Plea Agreement.

Mr. Edwards has two minor factual and/or typographical corrections to the first release of the PSR as follows:

- ¶ 57 lists the wrong age for Mr. Edwards's stepdaughter, Lilkim. Lilkim is 10 years old, not 7 years old.
- ¶ 58 refers to Jheanell Whyte once as "Ms. White." "Whyte" is the correct spelling of her name.

Mr. Edwards concurs with the guidelines calculation and the outline of the statutory provisions in the PSR but disagrees with the recommended sentence of 10 to 16 months. In addition, Mr. Edwards states that because he has been in custody for the last several months, he does not have the financial ability to pay a fine as described in Paragraphs 88 through 91. (*See also* PSR at ¶ 76, noting that Mr. Edwards "currently has no income . . . due to being incarcerated.")

5

VI.     18 U.S.C. §3553(a) FACTORS

I submit that a sentence of eight months in custody is an appropriate, reasonable, and sufficient sentence within the dictates of 18 U.S.C. § 3553(a).

In support of my request, I urge you to consider the 18 U.S.C. § 3553(a) factors:

Just Punishment

My requested sentence adequately reflects the seriousness of this offense, promotes respect for the law, and provides a just punishment for the offense. Mr. Edwards will be deported after his prison term, and unable to return to the United States as a result of this felony conviction. Though he will be reunited with his daughter, he will lose the ability to be with his family and friends here in the U.S., including his long-term partner, Jheanell Whyte.

Nature and Circumstances of the Offense

I ask your Honor also to consider the nature and circumstances of the offense. First, I respectfully urge the Court to consider that Mr. Edwards had no base purpose for attempting to secure fraudulent identification. There is no indication that he was motivated by greed, avarice, or a desire to conceal criminal or immoral activity. He merely hoped to avoid what he described as police harassment for the legal activity of driving with a foreign driver's license on the roads of New York State.

Moreover, the harms one normally associates with false driver's licensing credentials do not present themselves in this case. Mr. Edwards had a valid Jamaican driver's license, and he was not attempting to evade the requirements of training and testing for driver fitness. Because he did not have the appropriate documentation to obtain a New York State license, he attempted

to use another person's identity. However, his actions did not increase the risk of accidents on our state's roads and highways because he is a duly licensed driver.

Third, there is no victim in this case. The investigating agents have indicated that they believe Thomas James Hewitt II, the man whose identity Mr. Edwards used in his application, willingly sold his Social Security number and other identifying information to Dewalt, the ringmaster of this fraudulent-identification scheme.

Finally, Mr. Edwards is a small part of a wide-ranging scheme. Mr. Edwards sought only to obtain an identification card for himself. The other defendants, Dewalt and Jones-Woodson, were long-term players looking to make money by defrauding the New York State government.

General Deterrence

Subsection (B) of 18 U.S.C. § 3553(a) refers to general deterrence.  A sentence of eight months sends a strong message to society at large that offenses of this kind will definitely result in prison time, with deportation if committed by non-citizens.  Certainly no one, law - abiding or criminal, would think that a "light" sentence.

Specific Deterrence

Regarding subsection (C), generally referred to as specific deterrence: Mr. Edwards's felony conviction here has changed his whole life.  He will be forced, when his sentence is over, to return to Jamaica, a country where he has not lived full-time since he was a young teenager. He will be unable to return to the United States to be with his long-term partner, and he will have to start his life over from scratch.

Opportunities for Rehabilitation

Given the current state of rehabilitative services in the federal correctional system, Mr. Edwards is unlikely to receive education or significant vocational training while incarcerated. He, along with so many others, will be "warehoused" until his release. No matter how long his sentence, he will not be better educated or have more job skills upon his release.

Legal Availability and Appropriateness

The sentence requested here is legally available to the Court. A close consideration of the § 3553(a) factors results in the conclusion that a sentence of eight months is sufficient but not greater than necessary to comply with the purposes set forth in the statute.

VII.   SENTENCE REQUEST

Given all of the above, my request is that you sentence Mr. Edwards to eight months in custody. I also ask your Honor to request that the Bureau of Prisons designate him to Fort Dix, New Jersey, an institution close enough to New York City to allow family and friends to visit.

DATED:   November 2, 2010
         New York, New York

Respectfully submitted,

*[signature]*

AVROM ROBIN

cc:   A.U.S.A. Alvin Bragg, Jr.     (via ECF and U.S. Mail)
      U.S.P.O. Emily Frankelis     (via email)

8

CERTIFICATE OF SERVICE

   The undersigned certifies that on November 2, 2010,. I served a copy of this Sentence Memorandum in *United States of America v. Dudley Edwards*, 10-Cr.-755-01 (WHP), via ECF and U.S. Mail on the following:

Preet Bharara
United States Attorney
Southern District of New York
Att: A.U.S.A. Alvin Bragg, Jr.
One St. Andrew's Plaza
New York, NY 10007

____/s/_____
Filed via ECF
AVROM ROBIN
Attorney for Dudley Edwards
245 Fifth Avenue, Suite 1900
New York, NY 10016
212-683-8000
avrom@mindspring.com