UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

UNITED STATES OF AMERICA           :

   -v.-                                           :           10 Cr. 755 (WHP)

DUDLEY EDWARDS,                    :

      Defendant.                        :

---------------------------------------------------------------x

 

THE GOVERNMENT'S SENTENCING SUBMISSION

 

            PREET BHARARA
            United States Attorney for the
            Southern District of New York
            One St. Andrew's Plaza
            New York, New York 10007

Alvin Bragg
Assistant United States Attorney
- Of Counsel -

The defendant is scheduled to be sentenced in the above-referenced case on November 19, 2010. The Government respectfully files this submission in advance of the sentencing, and in response to defense counsel's sentencing submission, in which defense counsel asks the Court to impose a sentence of eight months' imprisonment. The Government respectfully requests that the Court impose a sentence within the Guidelines range of 10 to 16 months' imprisonment. Such a sentence would be sufficient but not greater than necessary to serve the purposes of sentencing, as it would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct.

## BACKGROUND

A.   The Indictment and The Offense Conduct

The Indictment charges the defendant with violating 42 U.S.C. Section 408(a)(7)(B) by falsely representing a number to be the social security account number assigned by the Commissioner of Social Security to the defendant, when in fact such number was not the social security account number assigned to him, to wit the defendant used a social security account number assigned to another person to apply for a New York State identification card under that person's identity.

The Indictment was brought as part of an investigation of Wilch Dewalt and others, including an employee of the New York State Department of Motor Vehicles ("DMV"). For a fee, Dewalt helped individuals obtain from the DMV New York State identification documents in other people's identities, and the defendant was one of Dewalt's customers. (Presentence Investigation Report ("PSR") ¶¶ 7, 10.) Dewalt and the defendant had telephone

conversations that were intercepted pursuant to a court-authorized wiretap during which they discussed arrangements for the defendant to obtain identification documents in exchange for payment to Dewalt. (Id. ¶¶ 8 - 11.) On October 21, 2009, the defendant submitted to the DMV an application for a New York State identification card under someone else's name and social security account number. (Id. ¶ 13.) The photograph taken in connection with the application is of the defendant, and not of the person whose identity was used. (Id.)

On August 23, 2010, the defendant pleaded guilty pursuant to a plea agreement to the sole count of the Indictment.

**C.    The Defendant's Criminal History**

The defendant has six prior narcotics convictions, and three of these six convictions involved the sale of narcotics. The defendant was convicted for criminal possession of marijuana in 2004, criminal sale of marijuana in 2005, criminal possession of marijuana in 2007, criminal sale of marijuana in February 2008, criminal possession of marijuana in March 2008, and criminal sale of marijuana in October 2008. (PSR §§ 35 - 46.)

**D.    The Presentence Investigation Report and Guidelines Calculation**

The United States Probation Office (the "Probation Office") calculated a total offense level of 10, (PSR ¶ 31), and a Criminal History Category of III, (PSR ¶ 47), resulting in a Guidelines range of 10 to 16 months' imprisonment, (PSR ¶ 81), the same range as the stipulated Guidelines range in the plea agreement.

## DISCUSSION

**A.     Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following <u>United States v. Booker</u>, 543 U.S. 220 (2005), and <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005).  Although <u>Booker</u> held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  <u>Booker</u>, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range" — that "should be the starting point and the initial benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) the four legitimate purposes of sentencing (which are described below), see id. § 3553(a)(2); (iii) "the kinds of sentences available," id. § 3553(a)(3); (iv) the Guidelines range itself, see id. § 3553(a)(4); (v) any relevant policy statement by the Sentencing Commission, see id. § 3553(a)(5); (vi) "the need to avoid unwarranted sentence disparities among defendants," id. § 3553(a)(6); and (vii) "the need to provide restitution to any victims," id. § 3553(a)(7).  See Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

        (A)       to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B)       to afford adequate deterrence to criminal conduct;

        (C)       to protect the public from further crimes of the defendant; and

        (D)       to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

**B.**       **A Guidelines Range Sentence Is Appropriate**

        The defendant's sentencing submission argues that the defendant should receive a sentence of eight months' imprisonment, which is two months below the bottom of the Guidelines range of 10 to 16 months. The defendant's argument principally is based on the premise that the defendant supposedly "had no base purpose for attempting to secure fraudulent identification." (Motion For A Sentence Below The Guidelines Range ("Def. Mot.") at 6.) According to the defendant, "[t]here is no indication that he was motivated by . . . a desire to conceal criminal or immoral activity." (Id.) Rather, the defendant claims that he obtained a fraudulent New York State identification card, because he had been harassed by police officers during car stops for using a valid foreign driver's license, and he hoped to avoid such harassment in the future. (Id. at 4, 6.) The defendant's argument ignores the defendant's clear motive to obtain an identification card under someone else's identity: to avoid detection by law enforcement. The defendant has been convicted six times under his own name, and he is in this country illegally, having overstayed a valid visa.

The Probation Office also recommends a sentence of eight months' imprisonment. In the Probation Office's view, such a sentence is appropriate because this case is not typical in that it appears that the person whose identity the defendant used may have sold his identification information with the knowledge that it would be used by someone else.  (PSR ¶ 16 and at 21.)

The Government respectfully suggests that a Guidelines sentence is warranted, because, while the person whose identity the defendant used may not have been a victim, the defendant's attempt to conceal his identity from law enforcement is, in and of itself, very significant fraudulent conduct.  Therefore, in the Government's view, a Guidelines sentence is warranted in order to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.  See 18 U.S.C. § 3553(a)(2)(A) and (B).

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the applicable Guidelines range of 10 to 16 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney

By: _____/s/_____
Alvin Bragg
Assistant United States Attorney
Tel.: (212) 637-1085